UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RASHAWN MOTEN, ) | |
| ) | CASE NO. 1:21CR534 |
| Petitioner, ) | 1:23CV2459 |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, ) | |
| ) | **ORDER** |
| Respondent. ) | |
| ) | |

Pending before the Court is Petitioner Rashawn Moten's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 131. The Government has opposed the motion. Doc. 145. Upon review, the motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Moten's first contention appears to be that his appellate counsel was ineffective when he failed to challenge Moten's 2-level enhancement at sentencing for possession of a firearm. However, Moten *agreed* to the use of this enhancement in his plea agreement. Doc. 51 at 5-6. Accordingly, there was no basis for counsel to argue error related to the enhancement on appeal.

In a separate argument, Moten appears to challenge the constitutionality of his 922(g) conviction. Given Moten's prior convictions for burglary, aggravated menacing, and discharging

a firearm near a premises, Moten undoubtedly poses a credible threat to the safety of others. Accordingly, any argument Moten seeks to raise is foreclosed by *United States v. Rahimi*, 602 U.S. 680 (2024).

The motion to vacate, therefore, is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

February 11, 2025 /s/John R. Adams
Date                                                                                  John R. Adams
                                                                                      U.S. District Judge